LORENZO S. IGLESIAS ET AL., Plaintiffs and Appellants, v. THE JEFFERSON STANDARD LIFE INSURANCE COMPANY, Defendant and Appellee.

No. 6165. Argued June 13, 1933.—Decided November 14, 1933.

C. *Coll y Cuchí* and *José A. Iglesias* for appellants.  R. *Castro Fernández* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

The action exercised in this case has for its object the annulment of a mortgage foreclosure proceeding which terminated with the award of the mortgaged property to The Jefferson Standard Life Ins. Co., creditor and plaintiff in said proceeding and defendant herein.  A demurrer was interposed to the complaint on the ground that the same did not allege facts sufficient to constitute a cause of action. Said demurrer was sustained and final judgment was rendered on motion of the plaintiffs, who took the present appeal.

As a first cause of action, it was alleged in the complaint that, in order to secure a loan of $35,000 and interest thereon at the rate of 8 per cent per annum, plaintiffs executed a mortgage in favor of defendant upon a certain property belonging to them, the plaintiffs binding themselves, during the existence of the loan, to have the lives of Eugenio and José Alfredo Iglesias insured with defendant for a sum of not less than $5,000 each, and to endorse the policies to defendant as additional security for the creditor.  It was also alleged that defendant foreclosed said mortgage, and awarded to itself the mortgaged property for the sum of $30,000.

Appellants maintain that the clause requiring the execution and endorsement of the insurance policies on the lives of Eugenio and José Alfredo Iglesias as security is illegal and contrary to public policy, and for that reason the mortgage

was null and void, and that such nullity extended to the foreclosure proceeding. It is argued that the lower court erred in failing to decree the nullity of an obligation which, as claimed by the plaintiffs, was based on an illicit consideration.

In our judgment said clause does not have the defect attributed to it by plaintiffs. A contract whereby a person insures with an insurance company the life of another upon which it has no interest whatever is illegal; and it is illegal because it is an aleatory contract and not a contract for indemnity for a loss suffered. In the instant case, the contract of insurance mentioned does not have any element of chance or hazard. It is required that two persons insure their lives and endorse the policies to the same insurance company as security for a loan. The jurisprudence considers such security as lawful. *Camack* v. *Lewis,* 15 Wall. 643; *Warnock* v. *Davis,* 104 U. S. 775; *Finnie* v. *Walker,* 257 Fed. 698. In the present case, the fact that the insurer and the secured creditor are the same person, precludes the possibility that the element of chance has formed a part of the contract. The defendant, of course, receives the benefit of the premiums; but far from profiting with the death of the persons insured, it fails, on the contrary, to continue collecting permiums and loses, moreover, the amount of the insurance, which it must inevitably pay, deducting it from the amount of the credit. It might be argued, that during the existence of the loan, defendant, as assignee of the policies, would only be paying to itself. It is true, but in paying its own credit, the amount of the same would be reduced and so also the mortgage debt contracted by plaintiffs, defendant suffering thereby an actual loss with the death of the insured. Besides, even if the clause requiring insurance were illegal, we can not see how the same could affect the validity of the mortgage. In such case, we would only have the payment of a loan guaranteed by two securities: one consisting of a mortgage, and another of a pledge. The two securities are

wholly separable, and the fact that one of them be defective or illegal, would not affect the validity of the other; nor could it affect the right of the creditor to recover the amount of the loan secured.

As a second cause of action, the complaint alleges that defendant having begun a mortgage foreclosure proceeding, a settlement was made whereby the foreclosure proceeding was abandoned and defendant was given possession of the mortgaged real property, with the right to collect the rents thereof and to apply them to the payment of any interest and principal due until the loan was fully paid; that in this manner there was a novation and the form of payment was changed; that afterward defendant brought another foreclosure proceeding based on the maturity of the loan according to the original contract which it is maintained was novated; and that as a result of said proceeding the mortgaged real property was awarded to defendant for the sum of $30,000.

It thus appears that defendant agreed with plaintiff to dismiss the first foreclosure proceeding in consideration of an additional security, the nature of which does not clearly appears from the pleadings, but which might be an antichresis or an assignment of rents. It is maintained that this constituted a change in the form of payment, but really the only alteration which appears from the facts alleged is that payment from specific funds was assured to defendant, that is, the rents, instead of having to depend only on the general funds which plaintiffs might have. And this so-called change in the form of payment was nothing more than the grant of an additional security to defendant, as it appears from the complaint. It is elementary that the grant of a security does not by itself constitute a novation of the debt secured.

The third cause of action set up in the complaint states that defendant herein, when liquidating the debt in the peti-

tion in the foreclosure proceeding, included a certain sum on account of taxes paid by said defendant and interest on the said sum at the rate of 8 per cent per annum. Plaintiffs maintain that these sums were not covered by the mortgage credit, and that the lower court erred in declaring that in a summary proceeding interest can be recovered which has not been specifically secured by the mortgage. This contention is manifestly frivolous and we will only cite section 333 of the Political Code as a sufficient answer to the objection thus raised.

The fourth cause of action pleaded is based on the fact that the plaintiff in the mortgage foreclosure proceeding presented a memorandum of costs amounting to $1,000 without notifying the defendants in the case, and said sum was added to the amount which served as basis for the execution. Said memorandum was approved by the court without the intervention of the plaintiffs herein. These allegations are, in our judgment, insufficient. It is not alleged that the costs were not secured by the mortgage by fixing a specific sum to cover said costs, as is customary in mortgage loans. Nor is it alleged that the defendants in the foreclosure proceeding were not formally requested (*requeridos*) to pay the costs fixed and secured by the mortgage. This court has declared that when a sum has been fixed in the mortgage contract and said sum is secured by the mortgage, the same must be regarded as a liquidated sum, as having been previously discussed and agreed by the parties, to provide for the case where the creditor should be compelled to bring suit in order to collect his credit. *Arsuaga* v. *District Court,* 43 P.R.R. 958, *Soler* v. *District Court,* 43 P.R.R. 967. According to those decisions, the filing of a memorandum of costs is not proper, nor is any other notice to the debtor necessary than that required by law to be served when the formal demand for payment (*requerimiento*) is made.

The judgment appealed from must be affirmed.